FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 16  AM 7: 19

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-141 |
| ROBERT TRENCH | SECTION "K"(2) |

## ORDER AND REASONS

Before the Court is defendant Robert Trench's ("Trench") Motion to Dismiss (Rec. Doc. No. 13) for pretrial delays under the Speedy Trial clause of the Sixth Amendment. Having reviewed the pleadings, memoranda, and the relevant law, the Court is prepared to rule thereon.

## *BACKGROUND*

Defendant was stopped and arrested by the New Orleans Police Department for a traffic violation on March 26, 2005. A search of his car revealed a loaded 9mm pistol, 32 rocks of crack cocaine, and six pills of powder cocaine. In addition, the vehicle was rented in another person's name and defendant was not an authorized driver. Defendant had two prior drug convictions: Possession with Intent to Distribute Cocaine in 1998 and Distribution of Cocaine in 2001. Following his arrest, defendant was held by the State of Louisiana on a $775,000.00 bond with charges pending

for a Felon in Possession of a Firearm, Possession of Crack with Intent to Distribute, Reckless Operation of a Motor Vehicle, and a Parole Violation.

On April 28, 2005 defendant was indicted on two counts by a Federal Grand Jury in the Eastern District of Louisiana. Rec. Doc. No. 1. Count 1 was Possession with Intent to Distribute of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and Count 2 was Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The State of Louisiana subsequently dropped the equivalent state charges but continued to hold defendant on his parole violation. The federal and state authorities were in discussion as to how to proceed logistically with their respective cases when Hurricane Katrina hit the New Orleans area on August 29, 2005. On August 31, 2005 Chief Judge Berrigan issued a global order continuing all criminal matters before the court at that time. The continuance order terminated on November 25, 2005.

In December 2005 the United States filed three Petitions for Writs of Habeas Corpus Ad Prosequendum trying to locate defendant for his initial appearance and arraignment. The first, filed on December 8, 2005, stated that defendant was in custody at St. Tammany Parish Jail and listed his initial appearance and arraignment date as December 20, 2005. Rec. Doc. No. 4. The petition was granted but returned by the United States Marshal as unable to execute on December 20, 2005. Rec. Doc. No. 5 and 9. The second petition, filed on December 19, 2005, stated that defendant was in custody at Angola Louisiana State Prison and listed his initial appearance and arraignment date as January 18, 2006. This petition was granted and but was also returned by the United States Marshal as unable to execute because the defendant was not being held at Angola State Prison. The third and final petition, filed on December 21, 2005, stated that defendant was in custody at the Franklin Parish Detention Center in Winnsboro, Louisiana and listed his initial appearance and arraignment

date as January 18, 2006. This writ was successfully executed and defendant made an initial appearance before Magistrate Judge Louis Moore Jr. on January 18, 2006. Following defendant's arraignment on January 23, 2006, this Court set a Pretrial Conference date for March 21, 2006 and a Jury Trial date for March 27, 2006.

Defendant filed the instant Motion to Dismiss on December 1, 2005 claiming that his Sixth Amendment right to a speedy trial has been violated and he has suffered prejudice in preparation of his defense as a result of this delay. Rec. Doc. No. 13. Defendant therefore requests that the grand jury indictment against him be dismissed due to this alleged violation of his constitutional rights.

The United States filed a timely opposition to defendant's motion to dismiss on January 25, 2006 arguing that the Speedy Trial clause of the Sixth Amendment, the Speedy Trial Act, and the Federal Rule of Criminal Procedure 48(b) do not apply until there has been an arrest by federal authorities or an appearance before a federal judge. Since defendant was held in state custody and did not make his initial appearance before a federal judge until January 18, 2006, there has been no prejudicial delay warranting dismissal.

## *LEGAL AUTHORITY*

The Speedy Trial Act, 18 U.S.C.A. §3161 *et seq.*, was intended by Congress to give specific effect to the Sixth Amendment right to a speedy trial. *See United States v. Horton*, 705 F.2d 1414 (5th Cir. 1983) (citing *United States v. MacDonald*, 456 U.S. 1 (1982)). In addition, the Federal Rule of Criminal Procedure 48(b) ("Rule 48(b)") provides for judicial enforcement of a defendant's right to a speedy trial found in the Sixth Amendment of the Constitution. *See Pollard v. United States*, 352 U.S. 354 (1957). Although these three sources of law are interrelated they do have

3

independent application and thus each will be examined in turn.[1]

## SPEEDY TRIAL ACT

18 U.S.C. §3161(b) requires that any information or indictment charging an individual with a crime be filed within thirty (30) days of arrest. In the case of a plea of not guilty, 18 U.S.C. §3161(c)(1) requires that the trial commence within seventy (70) days of either the filing date of the indictment or the date the defendant first appears before a judicial officer of the court in which the charge is pending, whichever date is later. 18 U.S.C. §3162(a)(1) states that a failure to comply with the time requirements of §3161(b) will result in dismissal of the charges against defendant. 18 U.S.C. §3162 (a)(2) states that a failure to bring defendant to trial under §3161(c)(1) will result in dismissal of the charges against defendant upon motion of the defendant.

Defendant in this case was arrested by state authorities on March 26, 2005, indicted on April 28, 2005, made his first appearance in front of this Court on January 18, 2006, and has a trial date set for March 27, 2006. Although indictment came within the thirty day requirement of 18 U.S.C. §3161(b), the Court notes that defendant was not covered by the Speedy Trial Act during this period. The Fifth Circuit has held that state arrest "does not trigger the time provisions of the Speedy Trial Act." *United States v. Taylor*, 814 F.2d 172, 174 (5th Cir. 1987). The time requirements do not begin to run when a federal detainer is lodged with state authorities either. *See id.* at 175. Rather, only a federal arrest for the purposes of answering federal charges will commence the running of the

---

[1] Although defendant only cited the Sixth Amendment in his motion, the Speedy Trial Act and Federal Rule of Criminal Procedure 48(b) are implicated in any complete analysis of defendant's rights. In addition, the government in its opposition cited and argued against the applicability of all three of these provisions. It is for the foregoing reasons that this court is considering all three areas of law.

Speedy Trial Act time provisions. *Id. See also United States v. De La Pena-Juarez*, 214 F.3d 594 (5th Cir. 2000). In this case 18 U.S.C. §3161(c)(1) requires that trial commence on or before March 30, 2006, which is the seventieth day from the date defendant made his initial appearance at this Court, January 18, 2006. A jury trial has been set for March 27, 2006 (Rec. Doc. No. 20). Thus, there has been no violation of the Speedy Trial Act warranting dismissal of the charges against defendant.

## *SIXTH AMENDMENT SPEEDY TRIAL CLAUSE*

The Speedy Trial Act was passed by Congress to prescribe specific speedy trial rules for federal prosecutions. *See United States v. MacDonald*, 456 U.S. 1 (1982). However, Congress explained that "[n]o provision of this chapter shall be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution." 18 U.S.C. §3173. Therefore it is possible for there to be separate claims made under the Speedy Trial Act and under the Sixth Amendment. *See United States v. Frye*, 372 F.3d 729 (5th Cir. 2004). Additionally, although this Court has found no violation of the Speedy Trial Act, it is not necessarily precluded from finding a violation of the defendant's Sixth Amendment right to a speedy trial. *See United States v. Munoz-Amado*, 182 F.3d 57, 61 (1st Cir. 1999). The Fifth Circuit has explained that "[i]t will be the unusual case, however, where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *United States v. Bieganowski*, 313 F.3d 264 (5th Cir. 2002); *See also United States v. O'Dell*, 247 F.3d 655, 666-67 (6th Cir.2001); *United States v. Munoz-Amado*, 182 F.3d 57, 61 (1st Cir.1999); *United States v. Nance*, 666 F.2d 353, 360 (9th Cir.1982). As will be demonstrated below, this is not one of those unusual cases.

The Supreme Court has identified the following four factors to consider when determining if there has been a violation of the defendant's Sixth Amendment speedy trial right: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). This *Barker*-analysis is only to be conducted, however, if the delay length is sufficient to make it presumptively prejudicial. *See Frye*, 372 F.3d at 736. The Supreme Court explained that "to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay. . .." *Doggett v. United States*, 505 U.S. 647 (1992); *See also Barker*, 407 U.S. at 530. The Fifth Circuit has explained that although neither the Supreme Court nor the Constitution has set an exact number as to what amount of delay will satisfy the threshold requirement, "[a] delay of less than one year will rarely qualify as 'presumptively prejudicial' for purposes of triggering the *Barker* inquiry." *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (quoting *Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir. 1994)). The court went on to say that "[a]bsent extreme prejudice or a showing of willfulness by the prosecution to delay the trial in order to hamper the defense, a delay of less than one year is not sufficient to trigger an examination of the *Barker* factors." *Cowart*, 16 F.3d at 647.

With this authority in mind, defendant in this case was arrested by state authorities on March 26, 2005, indicted on April 28, 2005, and has a trial date set for March 27, 2006.[2] Using either his

---

[2]The Court notes that most decisions considering an accused's rights to a speedy trial arise only after conviction. *See Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 507 (E.D.La 1988). It is rarer for the issue to be considered before there is a conviction. *See id.* The Supreme Court stated that "most speedy trial claims, therefore, are best considered only after the relevant facts have been developed at trial." *United States v. MacDonald*, 435 U.S. 850, 858 (1978).

arrest or indictment date as a starting point, defendant has not satisfied the presumptively prejudicial delay requirement of one year. This Court finds and defendant has not argued for extreme prejudice or a willfulness by the government to delay the trial to try and hamper the defense. In fact, the delay in this case is due almost entirely to Hurricane Katrina, a natural disaster which was clearly not the result of an effort by the government to hamper the defendant and his defense in this case. Thus, the delay is not presumptively prejudicial and this Court in not required to conduct a full *Baker* inquiry. However, for the sake of completeness the Court chooses to do so.

The Fifth Circuit has noted that at least part of the burden is on the defendant to show actual prejudice due to the delay in his prosecution. *See United States v. Serna-Villarreal*, 352 F.3d 225 (5th Cir. 2003) (citing *Doggett*, 505 U.S. at 655). However, the court went on to explain that there are circumstances where the first three factors (length of delay, reason for delay, and diligence in asserting his rights) weigh so heavily in defendant's favor that prejudice will be presumed. The Court now turns to the first three factors to determine if prejudice will be presumed or if defendant must show actual prejudice.

The first factor is the length of the delay. For speedy trial purposes the time runs from indictment on April 28, 2005 until the assigned trial date of March 27, 2006. This amounts to a delay of eleven months. The Fifth Circuit recently found that a delay of three years and nine months from indictment until trial did not amount to prejudicial delay. *See Serna-Villarreal*, 352 F.3d at 231. The court in that case noted that "[i]ndeed, this Court and others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years." *Id.* at 232 (citing cases). In light of this precedent, the delay of eleven months in this case does not amount to prejudicial delay and this factor does not weigh heavily in favor of the defendant.

7

The second factor is the reason for the delay. As discussed above, the primary reason for the delay is Hurricane Katrina and its aftermath. There was no willful attempt by the government to delay the trial to hamper the defense nor has extreme prejudice been shown. Therefore, this factor does <u>not</u> weigh heavily in favor of the defendant either.

The third factor is the diligence with which the defendant has asserted his speedy trial right. In this case, defendant clearly asserted his Sixth Amendment claim in his Motion to Dismiss, mailed on November 14, 2005. Rec. Doc. No. 13. The Supreme Court stated that the "defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531. However, the Fifth Circuit found that "an assertion that charges be dismissed for a speedy trial violation is not a value protected under *Barker*." *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994). The court there found that this factor be given strong evidentiary weight in favor of the state because "a demand to 'squash' an indictment is not a valid demand for a speedy trial." *Id.* Here Trench did not make a demand for a speedy trial but rather requested that the indictment against him be dismissed. Accordingly, this factor does <u>not</u> weigh heavily in favor of defendant either.

Since none of the first three factors weigh heavily in favor of defendant, prejudice will not be presumed and defendant must show actual prejudice. *See Serna-Villarreal*, 352 F.3d at 231. The Supreme Court laid out three interests of defendants which the speedy trial right was designed to protect and that should be considered when assessing prejudice: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Trench has only asserted prejudice in the preparation of his defense, falling under the third category, which the Supreme Court in *Barker*

8

cited as the most important. *See id.* The Court gave some examples of such prejudice, such as the death or disappearance of a witness, or loss of memory of the events due to the lengthy delay. *See id.* Trench has not argued any specific prejudice that he has suffered. Instead he made a general statement that he has been prejudiced in his defense. There is no evidence offered that witnesses have disappeared or have died, and the delay of eleven months is hardly sufficient to affect one's memory of the events. Therefore, defendant has not shown actual prejudice sufficient to carry his claim of a violation of his speedy trial right under the Sixth Amendment.

### *FEDERAL RULE OF CRIMINAL PROCEDURE 48(b)*

Rule 48(b) states that "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." The Advisory Committee Notes explain that Rule 48(b) operates independently of the Speedy Trial Act and cites a few cases in support. One of these cases contemplates an extreme situation in which the government uses deliberate misrepresentations to obtain a continuance and the resulting delay seriously prejudices the defendant. *See United States v. Carlone*, 666 F.2d 1112 (7th Cir. 1981). Under these circumstances the court could dismiss the indictment under Rule 48(b) without reference to the time limits in the Speedy Trial Act. *See id.* This is no such case. The Advisory Committee Notes also explain that this rule is "a restatement of the inherent power of the court to dismiss a case for want of prosecution." This court finds no want of prosecution warranting a dismissal under Rule 48(b) and also finds that this is not such an extreme case that Rule 48(b) should apply outside of the Speedy Trial Act. Accordingly,

**IT IS ORDERED THAT** defendant's Motion to Dismiss (Rec. Doc. No. 13) is **DENIED**.

CR 05-141 K(2)

New Orleans, Louisiana, this 15th day of March, 2006.

_____
STANWOOD R. DUVAL, JR.
**UNITED STATES DISTRICT COURT JUDGE**

10